[Civ. No. 16481.   First Dist., Div. Two.   July 29, 1955.]

LUCIANO ROSSI, Appellant, v. NARCISCO ROSSI, Respondent.

Joseph A. Brown for Appellant.

Ferrari & Ferrari for Respondents.

NOURSE, P. J.—Plaintiff sued for the rescission of an executed contract whereby he and Narciso relinquished and

transferred fractional portions of their stockholdings in the corporation — Alfredo Rossi and Company. Respondent answered and filed a cross-complaint seeking specific performance of the contract and an injunction to restrain plaintiff and others from holding a directors' meeting. A restraining order was issued on the cross-complaint.

The plaintiff Luciano Rossi alone appeals from the order restraining him and certain others from acting as directors of the corporation. The injunction was based on the ground that the named defendants were not legally qualified directors.

Originally the shares of stock were divided—500½ to Luciano Rossi and 499½ to Narciso Rossi. Differences having arisen between these two an agreement was made whereby Luciano transferred one and one-half of his shares, and Narciso transferred one-half of his share to Dismo Scatena. Such transfer was duly recorded and Scatena was thereupon declared to be the owner of two shares. Whether Scatena actually accepted and received the two shares is disputed but positive it is that they did not revert to the original transferors. Thus they each retained 499 shares and Scatena was made a director.

At a meeting of the board of directors held on April 26, 1954, three of the directors—Louis Ferrari, Elios P. Anderlini, and Joseph A. Brown all tendered their resignations which were forthwith accepted. The vacancies were thereupon filled by the election and qualification of three others. Thereafter the president of the company gave notice of a stockholders' meeting to be held May 24, 1954, and of a special meeting of the directors to be held May 26. These notices were sent to Ferrari, Anderlini and Brown, all of whom had theretofore resigned and terminated their right to act. Thereupon the respondent obtained from the superior court an order permitting him to bring in, as additional parties to his cross-complaint, Brown, Anderlini and Rose Rossi, another director. Upon this being done respondent had a temporary restraining order and, after full hearing, an injunction pendente lite was issued restraining the defendants to the cross-complaint from holding a directors' meeting or from interfering with the business of the corporation by the new directors elected at the meeting above noted held on April 26, 1954. The appeal is taken from this order.

Manifestly, if the trial court had jurisdiction to issue the order, the only ground of attack which could be made here is that the order was a breach of discretion. Jurisdiction to

issue the injunction is found in section 526, subdivision 3, of the Code of Civil Procedure, which reads: "3. When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual . . .''

The case made by respondent is simply this—directors who had resigned and who had been superseded by the election of others were shown to have threatened to hold a directors' meeting and to take action detrimental to the interests of the cross-complainant. This was an act "in violation of the rights" of the cross-complainant within the contemplation of the code section.

Furthermore, since no one of the cross-defendants to the cross-complaint other than Luciano Rossi has appealed from the order of injunction, that order has become final as to them. We must assume therefore that the order was proper as to Rose Rossi, Brown and Anderlini. The status of Rose Rossi is not mentioned in the record, but it is certain that neither Brown nor Anderlini were qualified to sit as directors at the time designated in the notice of a directors' meeting. The injunction as to them merely barred admittedly unqualified parties from participating in a directors' meeting in which five fully qualified directors had the sole right to sit; i.e., the "directors duly elected as such on the 26th day of April, 1954." These were Rose Rossi in place of Ferrari, Dismo Scatena in place of Anderlini, and Elda Rossi in place of Brown.

For the reasons stated the case made by the cross-complainant is not one to prevent the exercise of a private office by one in possession as proscribed by section 526, subdivision 6, of the Code of Civil Procedure. It is one to prevent interlopers from interfering with the orderly procedure of the admittedly qualified directors.

Reference should be made to the confusion of the parties as appears from appellant's brief. Rose Rossi, Brown, Anderlini and the corporation are all listed as "Plaintiffs and Appellants." They are neither plaintiffs nor appellants. The sole plaintiff and the sole appellant is Luciano Rossi. His status is clear. He is the sole plaintiff in an action in equity seeking a rescission of the transfer of fractional shares of stock. His associates are nonappealing cross-defendants in

Narciso's cross-complaint to restrain ineligible persons from acting as directors of the corporation. This is also a proceeding in equity.

The trial court having taken jurisdiction of the original action in equity it was empowered to restrain the cross-defendants from illegally acting as directors during the determination of the dispute. This conclusion is supported by *Sonnicksen* v. *Sonnicksen,* 45 Cal.App.2d 46, 52 [113 P.2d 495].

No other question requires discussion.

Order affirmed.

Dooling, J., and Kaufman, J., concurred.